5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mitchell R. TANNER, Plaintiff-Appellant,
v.
Edward J. DERWINSKI,** Secretary of Veterans
Affairs, et al., Defendants-Appellees.
 No. 93-55481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 16, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mitchell R. Tanner appeals pro se the district court's dismissal of his handicap discrimination and retaliation action. We have jurisdiction under 28 U.S.C. Sec. 1291. This court reviews de novo the district court's determination that an action is barred by the doctrine of res judicata. Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988). We affirm.
 
 
 3
 The district court dismissed Tanner's discrimination and retaliation claims, finding that the final judgment in Tanner's prior action serves to bar these claims for relief based on the same facts. Tanner contends that the district court erred in dismissing this action on the grounds that the claims are barred by res judicata. This contention is meritless. Under the doctrine of res judicata, a prior judgment is conclusive not only as to every matter which was offered and received to sustain or defeat the prior claim, but as to any other admissible matter which might have been offered for that purpose. Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871, cert. denied, 113 S.Ct. 970 (1992). The test for whether a subsequent action is barred by res judicata is whether it arises from the same transaction as the original action. Id. Whether two claims are part of the same transaction depends on whether they share a common nucleus of facts or whether they could conveniently be tried together. Id. Here, the claims both arise out of the same common nucleus of facts and would have made a convenient trial unit.
 
 
 4
 In Tanner v. Derwinski, et al., CV-91-5172-AWT ("Tanner I "), Tanner asserted a cause of action against the Secretary and other representatives of the Department of Veterans Affairs ("VA") because they allegedly discriminated against him based on a perceived handicap and retaliated against him for filing a worker's compensation claim following a heart attack. The discrimination and retaliation were allegedly manifested by his termination from his employment with the VA. The district court granted summary judgment in favor of the defendants in Tanner I.
 
 
 5
 In the current action, Tanner v. Derwinski, et al., CV-92-4782-AWT ("Tanner II "), Tanner alleges that, between June 8, 1989 and April 18, 1992, a period beginning prior to the filing of Tanner I and ending before the entry of summary judgment in Tanner I, the VA failed to reemploy him because of "on-going" handicap discrimination and "on-going" retaliation based on the events alleged in Tanner I.
 
 
 6
 In both Tanner I and Tanner II, the dispositive issues are whether Tanner was handicapped, whether he was able to return to work, whether the VA could make reasonable accommodations to adjust for his handicap, whether the VA discriminated against him because of his handicap, and whether the VA retaliated against him because he filed a worker's compensation claim. The district court was correct in concluding that it could not consider the claims in Tanner II without revisiting the issues already settled in Tanner I.[1]
 
 
 7
 Because the allegations in Tanner II arise from the same set of operative facts and could have been brought as part of Tanner I in a convenient trial unit, the district court did not err in holding that this action is barred by the doctrine of res judicata. Accordingly, the district court properly dismissed this action.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 As it is unclear from Tanner's complaint whether he is suing Secretary Derwinski in his official or personal capacity, or both, we do not substitute Jesse Brown, the current Secretary of Veterans Affairs, as a party pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tanner contends that he could not have litigated these issues in the context of Tanner I because he was unaware of new information that serves as the basis for Tanner II. This contention is meritless. See Ulloa, 958 F.2d at 871 (mere ignorance of the facts supporting a claim does not defeat the defense of res judicata)